UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

NELSON ALI PINEDA,
(Mental Health Patient)
Plaintiff,

v.

SHEVAUN HARRIS,
BEN SLOCUM,
GARAD ANDERSON, and
COURTNEY JONES,
Defendants.

_____/

2;24cv651-JLB-KCD

Case No.:_____

(To be designated by the Clerk)

(In the space above the full name(s) of the Defendant(s). If you cannot fit the names of all the Defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. Plaintiff need not send exhibits, affidavits, grievances or witness statements, or any other materials to the Clerk's Office with this complaint.

---

## I. COMPLAINT

INDICATE BELOW THE FEDERAL LEGAL BASIS FOR YOUR CLAIM, IF KNOWN.

This form is designed primarily for pro se confined litigants challenging the Constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal Defendants) or in a *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971) (Federal Defendants).

## II. PLAINTIFF INFORMATION

**Plaintiff 1.**
Name (Last, First): **Pineda**, **Nelson**
Identification No.: 990862 (Mental Health Patient)
Place of Detention: Florida Civil Commitment Center, 13619 S.E. Hwy 70, Arcadia, FL 34266.

## III. STATUS

Indicate whether you are a prisoner or other confined person as follows:

[ ] Pretrial detainee
[x] Civilly committed detainee
[ ] Immigration detainee
[ ] Convicted and sentenced Federal prisoner

## IV. DEFENDANT(S) INFORMATION

PLEASE LIST THE FOLLOWING INFORMATION FOR EACH DEFENDANT.

If the correct information is not provided, it could result in the delay or prevention of services. Make sure that the defendant(s) listed below are identical to those contained in the above caption.

The following Defendants are being sue in their individual and official capacities.

**Defendant 1.**

Name (Last, First): **Harris, Shevaun**

Job Title: Secretary of the Florida Department of Children and Families.

Work Address: Florida Department of Children and Families, 2415 North Monreo Street, Tallahassee, FL 32303.

**Defendant 2.**

Name (Last, First): **Slocum, Ben**

Job Title: CEO of Recovery Solutions, LLC.

Work Address: Recovery Solutions, LLC., 3340 Perimeter Hill Drive, Nashville, TN 37211.

**Defendant 3.**

Name (Last, First): **Anderson, Garad**

Job Title: Administrator of Florida Civil Commitment Center.

Work Address: Florida Civil Commitment Center, 13619 S.E. Hwy 70, Arcadia, FL 34266.

**Defendant 4.**

Name (Last, First): Jones, Courtney

Job Title: Clinical Director of Florida Civil Commitment Center.

Work Address: Florida Civil Commitment Center, 13619 S.E. Hwy 70, Arcadia, FL 34266.

**V.    STATEMENT OF CLAIM**

STATE THE PLACE(S) AND DATES OF OCCURRENCES.

The place of occurrence is the "Florida Civil Commitment Center" for Sexually Violent Predators and the dates of occurrences are current and ongoing.

1. As set forth in paragraph 9-25 of the statement of Facts: cause of action arose when Defendants while acting in their individual and official capacity under color of State law, failed meet the necessary staff quota that would enable the Sexually Violent Predator Program to meet the requisite safety, care, and treatment of its residents, including Plaintiff; a violation of the 14th Amendment of the United States Constitution, the Contract, and the professional judgment standard.

2. As set forth in paragraph 26-29 of the statement of Facts: cause of action arose when Defendants while acting in their individual and official capacity under color of State law, failed meet the necessary treatment hourly quota of 30.5, weekly, that was appraised and approved by the United States Supreme Court in *Kansas v. Hendricks,* that would enable Florida's Sexually Violent Predator Program to meet a constitutional legitimate treatment regimen and module of its residents, including Plaintiff; a violation of the 14th Amendment of the United States Constitution and the professional judgment standard.

3. As set forth in paragraph 30-34 of the statement of Facts: cause of action arose when Defendants while acting in their individual and official capacity under color of State law, created "degeneration" by way of restricted 10 minute movements on the hour and virtual confinement of its residents and Plaintiff, to each housing dormitory. All residents, including Plaintiff, have a twofold interest: First is to avoid mental and social degeneration (to maintain skills already possessed) and second is to be free to attempt rehabilitation or the cultivation of new, socially acceptable and useful skills and habits; but, the consistent confinement at the "Sexually Violent Predator Program" of its residents, including Plaintiff, with mental abnormalities and personality disorders, exasperates antisocial personality disorders and spawns abnormal behaviors; a violation of the 14th Amendment of the United States Constitution and the professional judgment standard.

4.  As set forth in paragraph 35 of the statement of <u>Facts</u>: cause of action arose when Defendants while acting in their individual and official capacity under color of State law, compelled all residents, including Plaintiff, to remain at the Recreational Yard until the one hour control movement — without staff supervision — and without toilets and urinals causing same to urinate and defecate publicly or on self, which is disgusting and inhuman and a violation of the 14th Amendment of the United States Constitution and the professional judgment standard.[1]

STATE WHICH OF YOUR FEDERAL CONSTITUTIONAL OR FEDERAL STATUTORY RIGHTS HAS BEEN VIOLATED.

The 14th Amendment of the United States Constitution is currently being violated by the Defendants as shown in paragraphs 1-35 of the <u>FACTS</u>.

THE LIBERAL CONSTRUCTION RULE.

1.  A pro se Complaint, even if unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. **Haines v. Kerner,** 404 U.S. 519, 520 (1972). The liberal construction rule means "that if the court can reasonably read the pleadings to state a valid claim on which the [plaintiff] could prevail, it should do so despite the [plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall v. Bellmon,** 935 F. 2d 1108, 1110 (10th Cir. 1991).

---

[1] The Plaintiff incorporates the accompanying exhibits as part of the <u>four</u> corners of this Complaint and avers that the State of Florida through its Legislative Branch cast the Jimmy Ryce Act into the Mental Health Act of Chapter 394 of the Florida Statutes so Defendants are stuck with all of the requirements of the State and Federal Mental Health Laws; due to the constitutional clause of Single Subject Rule.

STATE HERE BRIEFLY THE FACTS THAT SUPPORT YOUR CASE.

Describe how each Defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you. All facts shall be set forth in separately numbered paragraphs. [2]

1.     Plaintiff Pineda has Dementia and Autism so he falls under the umbrella of the American Disability Act.

2.     A Petition for Involuntary Civil Commitment was filed against the Plaintiff by the Office of the State Attorney of Orange County Florida under the Involuntary Civil Commitment of Sexually Violent Predator Act, claiming him to be a Sexually Violent Predator.

3.     As a result of the filing of the Petition, the Plaintiff was transferred from the Florida Department of Corrections to the custody of the Florida Department of Children and Families and transported to the Florida Civil Commitment Center.

4.     On January 3, 2014, Plaintiff was civilly committed by a Jury to the custody of Florida Department of Children and Families.

5.     As shown in paragraph 4, supra, the Plaintiff was committed to the custody of Defendant Harris by a judicial decree from the Circuit Court of Orange County Florida so Defendant Harris is ultimately responsible for the safety, care, and treatment of the Plaintiff but breached Due Process when she Amended Contract L1702 | 0012 on November 14, 2015, relinquishing a ministerial duty to review and

---

[2] The purpose of this Civil Rights Complaint is to bring the Sexually Violent Predator Program to a constitutional magnitude of "safety", "care", and "treatment".

approve any and all policies enacted by the Provider Recovery Solutions LLC and imposed upon the Plaintiff.

6. Defendant Slocum is responsible for the supervision of the daily operation of the Sexually Violent Predator Program at the Florida Civil Commitment Center by way of Contract L1702, to review and approve all policies enacted at the Florida Civil Commitment Center and its customs enforced by Defendant Anderson at the civil commitment center.

7. Defendant Jones is responsible for the daily supervision of the Sexually Violent Predator Program and Mental Health Treatment of all residents and Plaintiff at the Florida Civil Commitment Center, by way of Contract L1702, so all Defendants are linked by way of a Contract.

8. The FIRST ISSUE presented is the shortage of Staff at the Sexually Violent Predator Program which affects the safety, care, and treatment of all residents including the Plaintiff.

9. All residents, including the Plaintiff, have been subjected to physical, verbal, and psychological abuses; meanwhile the housing dormitories remain unsupervised.

10. The Sexually Violent Predator Program has the following Dormitories: Dublin; London; Madrid; Paris; Rome; Jupiter; Mercury; Mars; Neptune; Saturn; Gulf; Sea; Ocean; Lakes; St. John; Peace; and Myakka (totaling 17).

11. Most residents, including the Plaintiff, have been committed to the Sexually Violent Predator Program for having "mental abnormalities" and "personality disorders" which require their constant observation and that a Resident Treatment Assistant be assigned to each housing dormitory to supervise the residents since due to their mental abnormalities and personality disorders they are prone to act out at any given moment. (A small group are not committed, but remain under "detainee" status.)

12. Since there are three work shifts of eighth hours per day and seventeen dormitories, it requires at least fifty-one Resident Treatment Assistants, plus a few more, to cover for those taking two days off weekly.

13. However, the above quota is not being met and the evidence is in the registry of the payroll.

14. The Sexually Violent Predator Program has the following Control Rooms: Europe; Planets; Waters; and Rivers (totaling 4).

15. The Control Technicians are entrusted with controlling the security doors of the Sexually Violent Predator Program so that Residents and Staff can move safely from one location to another.

16. Since there are three work shifts of eight hours per days and four Control Rooms, this requires twelve "Control Technicians", plus a few more, to cover for those taking 2 days off weekly.

17. However, the above quota is not being met and the evidence is in the registry of the payroll.

18. The Gym, Recreation Yard, and Library are opened on two shifts.

19. Since there are two work shifts and three work stations, this requires six Recreation Therapist to supervise the Gym, Recreation Yard, and Library.

20. However, the above quota is not being met and the evidence is in the registry of the payroll.

21. Moreover, the shortage of "Recreation Therapist" is resulting in all of the residents, including the Plaintiff, being subjected to physical, verbal, and psychological abuses — especially — while at the Recreation Yard.

22. The Medical and Dental departments are required to remain open on all three work shifts and required to have one Dentist and one Doctor physically present working during the day shift.

23. This requirement is not being met and it's delaying Medical and Dental care and endangering the well-being of all residents including the Plaintiff.

24. The above quota is not being met and the evidence is in the registry of the payroll.

25. The <u>SECOND ISSUE</u> presented is that the Sexually Violent Predator Program is not meeting the 30.5 hours, per week, of sex offender treatment that was examined and approved by the United States Supreme Court in ***Kansas v. Hendricks.***

26. Florida's Sexually Violent Predator Program is only six (6) hours, per week, (divided in two sessions weekly) and in the <u>first</u> 1.5 hours of each session, all residents, including Plaintiff, spend it checking in. And talking about how their days off went or about what is happening in their life.

27. During the <u>second</u> 1.5 hours; only one resident is able to present his treatment work because there is not sufficient time for two residents to present their work.

28. Since there are currently about sixteen to twenty-four residents per group, it provides each resident with an opportunity to submit treatment work once every two months; if the group consist of sixteen residents, and once every three months if the group consist of twenty-four residents and this makes Florida's Sexually Violent Predator Program disingenuous, as it adversely affects the duration of civil detention for treatment of all residents, including Plaintiff, and allows the independent contractor to bilk the Government for Funds under the guise of providing sex offender treatment.

**29.** The <u>THIRD ISSUE</u> presented is that the Sexually Violent Predator Program has become a prison type environment which now creates degeneration by way of restricted 10 minute movement on the hour and virtual confinement to each housing dormitories.

**30.** Control movement and six feet body separation was enacted by the United States Government at all facilities by a CDC protocol to prevent cross-contamination of the Covid-19.

**31.** This crisis has ceased to exist and was abolished by the United States and Florida Governments but the Sexually Violent Predator Program continues to enforce same with the exception of the six feet separation.

**32.** All residents including the Plaintiff have a twofold interest: <u>First</u> is to avoid mental and social degeneration (to maintain skills already possessed) and <u>second</u> is to be free to attempt rehabilitation or the cultivation of new socially acceptable and useful skills and habits.

**33.** Consistent confinement of Sexually Violent Predator Program residents including the Plaintiff, with mental abnormalities and personality disorders, exasperates antisocial personality disorders and spawns abnormal behaviors.

**34.** In addition, to the above matter, all residents including the Plaintiff are being compelled to remain at the Recreational Yard until the one hour movement without staff supervision and without toilets and urinals causing same to urinate and defecate publicly or on self which is disgusting and inhuman. [3]

## VI.   ADMINISTRATIVE PROCEDURES

---

[3] This case includes residents with "Mental" and "Physical" Disabilities (many who do not have the "ability" to walk from one side of the facility to the other or back and forth in the 10 minutes of control movement).

**WARNING:** Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.

1. The PLRA, 42 U.S.C. §1997e (a), states that "[n]o action shall be brought with respect to prison conditions ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. Nevertheless, *Page v. Torrey,* 201 F.3d 1136 (9th Cir. 1999); *Troville v. Venz,* 303 F.3d 1256 (11th Cir.2002); *Perkins v. Hedricks,* 340 F.3d 582 (8th Cir.2003); and *Patsy v. Bd. of Regents,* 457 U.S. 496, 507, 516 (1982) (found that the "PLRA" does not apply to persons who have been "civilly committed" because they are not prisoners; and therefore, exhaustion of administrative remedies is not a prerequisite to this action under Section 1983.

2. Alas, the Plaintiff did file Administrative Grievances to no avail; see attachments.

## VII. RELIEF

STATE BRIEFLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENTS. CITE NO CASES OR STATUTES.

Plaintiff seeks an order from this Court against Defendants as follows:

1. Plaintiff seeks the appointment of pro bono Attorney to adequately apprise the Court of the legalities and illegalities of the issues.

2. Plaintiff seeks the appointment of Psychiatric Experts to conduct an analysis of the current Sexually Violent Predator Program and inform the Court of the adversarial effects of the current Sexually Violent Predator Program and the validity and veracity of the program and duration.

3. Plaintiff seeks the appointment of a Performance Evaluator to report to the Court his or her findings.

4. Plaintiff seeks a judgment from the Court compelling the Defendants to meet the necessary Staff quota the would enable the Sexually Violent Predator Program to provide proper "safety", "care", and "treatment".

5. Plaintiff seeks a judgment from the Court compelling the Defendants to meet the thirty (30) hours per week | per resident, of sex offender treatment that was examined and approved by the United State Supreme Court in *Kansas v. Hendricks.*

6. Plaintiff seeks a judgment from the Court compelling Defendants to cease and desist the controlled movement that was enacted due to the CDC Covid-19 quarantine protocol, <u>and</u> to install toilets and urinals, including a water fountain, at the General Population Recreational Yard.

7. Plaintiff seeks a trial by Judge or Magistrate and any compensatory and / or punitive damages that the Judge or Magistrate chooses to award | if any | it's not about the money |it's about the program and its deficiencies.

8. Due to the jurisdiction diversity requirements of Title 28 U.S.C. § 1332 (a) and (d) the Plaintiff now seeks compensatory and punitive damages in the amount of $6,000,000.00 from Defendants, in their individual and official capacity while acting under color of state law, and this paragraph supersedes the damage claim of paragraph ¶ 7, supra; but if truth be told the Plaintiff's interest is not in the funds but it's in bringing the Florida Sexually Violent Predator Program to a Constitutional magnitude.

9. Plaintiff also seeks consolidation with Vega v. Harris, et.al., that has been filed with this Court on the same issues of Facts and Laws and Certification of Class is being sought.

## VIII. LITIGANT'S LITIGATION HISTORY

The three strike rule bars prisoners from bringing a civil action or an appeal in forma pauperis in Federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915 (g). All Litigants Must Answer: Have you to date brought an other lawsuits in state or Federal court while a confined?

[X] Yes [ ] No
NAME EACH DIFFERENT LAWSUIT BELOW:

1. NELSON ALI PINEDA is not a prisoner; NELSON ALI PINEDA is a Mental Health Patient so Title 28 U.S.C. § 1915 (g) should not be applicable to him as a Plaintiff.

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree top provide the clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

## X.   VERIFICATION OF DOCUMENT

STATE OF FLORIDA
COUNTY OF DESOTO

I HEREBY DECLARE (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Title 28 U.S.C. § 1746.

Dated  July 11, 2024                                  *Nelson A. Pineda*
                                                                   Plaintiff's Signature

Printed Name: **Nelson Ali Pineda**.
Identification #: 991481.
Institutional Name: Florida Civil Commitment Center, 13619 S.E. Hwy 70, Arcadia, FL 34266.