UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NELSON ALI PINEDA,

    Plaintiff,

v.                                              Case No.  2:24-cv-651-JLB-KCD

SHEVAUN HARRIS, BEN
SLOCUM, ANDERSON GARAD,
and COURTNEY JONES,

    Defendants.
_____/

## ORDER OF DISMISSAL

Before the Court is Plaintiff Nelson Ali Pineda's *pro se* 42 U.S.C. § 1983 civil rights complaint. (Doc. 1). Plaintiff is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC), and he brings this action against four officials involved in the administration of the FCCC. Plaintiff seeks leave to proceed *in forma pauperis*, and the complaint is before the Court on initial screening.[1]

---

[1] A plaintiff seeking to proceed in forma pauperis in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Despite Plaintiff's non-prisoner status, his amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it reviewed a complaint filed by a civil detainee under 28 U.S.C. § 1915(e)(2)(B)). Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).

## I. Complaint

Plaintiff generally alleges that the defendants' administration of the FCCC violates his Fourteenth Amendment rights. He organizes his factual allegations into three "issues." First, Plaintiff asserts that the FCCC is understaffed. (Doc. 1 at 7.) He calculates that the FCCC needs "at least fifty-one Resident Treatment Assistants, plus a few more, to cover for those taking two days off weekly" (Id. at 8.) He further opines that the FCCC needs "twelve 'Control Technicians,' plus a few more, to cover for those taking 2 days off weekly." (Id. at 8.) He calculates that the FCCC needs six recreation therapists to supervise the gym, recreation yard, and library. (Id.) He alleges that the medical and dental departments are also understaffed, endangering his well-being. (Id. at 9.) He asserts that these employment quotas are not being met. (Id. at 7–9.) Next, Plaintiff asserts that he does not receive the 30.5 hours per week "of sex offender treatment that was examined and approved by the United States Supreme Court in Kansas v. Hendricks" because Florida's sexually violent predator program is only six hours per week. (Id. at 9.) Finally, Plaintiff argues that FCCC policies are overly restrictive because they (the policies) control when and where residents may move throughout the facility. He argues that the facility's strict schedules and the residents' confinement to particular areas of the FCCC "exasperates [sic] antisocial personality disorders and spawns abnormal behaviors." (Id. at 10.)

Plaintiff seeks injunctive relief and six million dollars in damages. (Doc. 1 at 12.)

2

## II. Discussion

Plaintiff filed this complaint under 42 U.S.C. § 1983.  To state a section 1983 claim, a plaintiff must allege that: (1) the defendants deprived him of a right secured under the Constitution or federal law; and (2) the deprivation occurred under color of state law.  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).  Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, the courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim.  See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007).  And here, even when liberally construed, the allegations in Plaintiff's complaint do not satisfy the requirements for stating a section 1983 claim.  This is because Plaintiff has not shown how he, as the individual bringing this action, was deprived of a constitutional right.  Therefore, he lacks standing to bring this action.

"Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction."  J.W. by and through Tammy Williams v. Birmingham Bd. of Ed., 904 F.3d 1248, 1264 (11th Cir. 2018).  To plead standing, a plaintiff must allege he "has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a

favorable ruling.' " Murthy v. Missouri, 144 S. Ct. 1972, 1986 (2024) (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013)).

First, Plaintiff lacks standing to challenge the FCCC's staffing levels because he does not allege that he suffered any injury due to purported inadequate staffing. As a civilly committed person, Plaintiff is entitled to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." Youngberg v. Romeo, 457 U.S. 307, 324 (1982). But when determining whether a state meets its obligations to detainees, "decisions made by the appropriate professional are entitled to a presumption of correctness." Id. Plaintiff cannot create standing by simply calculating his own staffing quotas and then alleging that the FCCC does not meet them. Because Plaintiff does not allege that he suffered (or will suffer) any concrete, particularized, and actual or imminent injury traceable to the FCCC's staffing levels, he does not have standing to challenge them. And even if Plaintiff's proposed staffing levels were based on something other than his own opinion, an institution's failure to meet staffing requirements is not a stand-alone constitutional violation. See e.g., Parrish v. Ala. Dep't of Corr., 156 F.3d 1128, 1129 n.1 (11th Cir. 1998) ("We stress, however, that overcrowding is not necessarily a violation of a federal right."); Laube v. Haley, 234 F.Supp.2d 1227, 1245 (M.D. Ala. 2002) ("[T]here is nothing inherently wrong with having only a few staff members supervise inmates."); Agramonte v. Shartle, 491 F. App'x 557, 560 (6th Cir. 2012) ("[O]vercrowding is not, in itself, a constitutional violation [unless it results] in an unconstitutional denial of such basic needs as food, shelter, or sanitation.") Thus, even accepting as true that the FCCC

4

has adopted a policy of understaffing its facilities, Plaintiff has not alleged facts establishing that he suffered an injury as a result of that policy.

Second, Plaintiff asserts that the Supreme Court's decision in Kansas v. Hendricks, 521 U.S. 346 (1997) entitles him to 30.5 hours of sex offender treatment per week, and he alleges that the FCCC is not meeting that threshold. But Hendricks creates no such entitlement. When evaluating whether Kansas's Sexually Violent Predator Act was punitive, the Supreme Court mentioned that Mr. Hendricks received around 31.5 hours of treatment per week. Id. at 368. It did not create a federal right for civilly committed sexually violent predators in Florida to receive a certain number of treatment hours per week. And as with the staffing issue, Plaintiff does not explain how the amount of sex offender treatment offered at the FCCC has caused, or will cause, him concrete, particularized, and actual or imminent injury. Plaintiff's vague claim that "it adversely affects the duration of civil detention for treatment of all residents, including Plaintiff" is not enough because Plaintiff does not allege facts suggesting that the lack of adequate treatment has extended his own commitment. (Doc. 1 at 9.)

Third, Plaintiff argues that the FCCC's policies are overly restrictive because they control when and where residents may move throughout the facility. The Fourteenth Amendment does not allow a state to punish civilly committed detainees merely because they are civilly committed. Bilal v. Geo Care, LLC, 981 F.3d 903, 912 (11th Cir. 2020). But "a civilly committed individual's right to freedom from bodily restraint is not absolute." Id. The policies that Plaintiff attacks are unquestionably legal at the FCCC. In Bell v. Wolfish the Supreme Court noted (in

5

the context of pre-trial detention) that not every hardship imposed during a lawful detention amounts to punishment. The Court explained:

> Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

441 U.S. 520, 537 (1979). The FCCC is charged with detaining sexually violent predators. Like a pretrial detainee awaiting trial, Plaintiff is lawfully confined to a facility, and that confinement necessarily involves some restrictions. Plaintiff does not allege that <u>he</u> was subject to any restrictions that could arguably be considered unconstitutionally punitive measures.

### III.   Conclusion

Because he lacks standing to bring them, Plaintiff's complaint fails to state a plausible claim. Therefore, the Court will dismiss the complaint without prejudice. It is clear from the procedural history of this action and from the pleadings in parallel case number 2:24-cv-601-SPC-KCD—brought by FCCC resident Juan Francisco Vega—that Plaintiff wishes to raise a general "class-action" claim against the FCCC attacking certain policies he finds objectionable. (See Doc. 6; Doc. 11 (seeking consolidation, class certification, and appointment of counsel).) The Court has already denied Plaintiff's motion to consolidate or to certify a class (Doc. 5), and

6

the Court finds that allowing amendment of the complaint to restate another collective lawsuit would be futile. Therefore, while the dismissal of this action is without prejudice, it is also without leave to amend. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (recognizing that leave to amend is not required when amendment would be futile). If Plaintiff suffers a concrete and particularized injury due to the FCCC's staffing levels, sex offender treatment, or restrictions on movement within the facility, he may file a new action.

Accordingly, it is now **ORDERED:**

1. Plaintiff Nelson Ali Pineda's complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment dismissing this action, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 28, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   Nelson Ali Pineda